# In the United States Court of Federal Claims

|  |  |
|---|---|
| DEANDRE LOVERTURE JACKSON,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>*Defendant.* | No. 21-1872C<br>(Filed: June 29, 2022) |

*Deandre Loverture Jackson*, *pro se*, Craigsville, VA.

*Hayley Dunn*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge*.

**I.   Background**

Plaintiff Deandre Loverture Jackson, appearing *pro se*, filed a complaint in this Court on September 16, 2021, against the United States and several additional parties.  Mr. Jackson is incarcerated at the Augusta Correctional Center in Craigsville, Virginia.  *See* Compl. Envelope, Docket No. 1-2.  Liberally construed, his Complaint suggests the following claims: (1) the Government committed wire fraud by creating a "Trust" using Mr. Jackson's copyright and surcharging individuals to "electronically send [him] money into the account(s) of the Trust," Compl. at 4–5, Docket No. 1; (2) the Government violated Mr. Jackson's Fourteenth Amendment Due Process rights when he was "denied parole upon an invalid contract" in violation of Virginia state law, *id.* at 3; (3) the Government violated the Contract Disputes Act of 1978 ("CDA"), *id.* at 5; and (4) the Government violated Mr. Jackson's copyright by using his "Fiction DEANDRE LOVERTURE JACKSON" on documents and papers, *id.* at 2–5.  Plaintiff seeks $100,000,000.00 in damages for his copyright infringement claim, $850,000.00 for wire fraud, and injunctive relief "to put a lien of [sic] the Trust/savings account, . . . reject all invalid unilateral contracts upon plaintiff[,] and discharge plaintiff's private property from defendant's custody."  *Id.* at 10.

On November 16, 2021, the Government filed a motion to dismiss Mr. Jackson's wire fraud, due process, and contract claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").  Def.'s Mot. to Dismiss at 6 ("Def.'s Mot."), Docket No. 9.  The Government also moves to dismiss Mr. Jackson's

copyright claim as precluded from re-litigation due to a prior lawsuit or, alternatively, for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). *Id.* at 11, 14. Additionally, the Government asks that Mr. Jackson's Complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). *Id.* at 17.[1]

## II.     Jurisdiction and Standard of Review

### A.     Jurisdiction

The Tucker Act grants the Court of Federal Claims jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). Although the statute waives sovereign immunity, it does not create a cause of action; "the plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)).

### B.     Standard of Review

A court considering a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1) must accept all well-pled facts as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (collecting cases); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002). However, the plaintiff still bears the burden of establishing jurisdiction, and when jurisdictional facts are challenged, the plaintiff must demonstrate jurisdiction by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Although "pro se plaintiffs are held to a lower standard of pleading than those represented by counsel, all those seeking to invoke the court's subject matter jurisdiction ultimately retain the burden of establishing that the jurisdictional requirements are met." *Searles v. United States*, 88 Fed. Cl. 801, 803 (2009) (citing *Keener v. United States*, 551 F.3d 1358, 1361 (Fed. Cir. 2009)).

Under RCFC 12(b)(6), this Court may dismiss a complaint when a party "fail[s] to state a claim upon which relief can be granted." Dismissal for failure to state a claim "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). Denial of the motion is warranted when the complaint presents "sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[1] Also before this Court are Plaintiff's Corrected Motion for Leave to Proceed *in forma pauperis*, Docket No. 16; Plaintiff's Motion for Summary Judgment ("Pl.'s Mot. for Summ. J."), Docket No. 8; Plaintiff's Motion to Strike, Docket No. 11; Defendant's Motion to Strike Plaintiff's Response to Defendant's Request for First Enlargement of Time ("Def.'s Mot. to Strike"), Docket No. 18; and Plaintiff's Motion to Amend his Reply to the Defendant's Motion to Dismiss ("Pl.'s Mot. to Am."), Docket No. 20.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**III.     Discussion**

    **A.     This Court Lacks Jurisdiction Over Plaintiff's Claims Against Defendants Other Than the United States**

Plaintiff's Complaint names the "Federal Government, United States Government, State of Virginia, Virginia Department of Corrections, JPay, Inc, [and the] Virginia Parole Board" as Defendants in this suit. Compl. at 1. However, the United States is the only proper defendant in the Court of Federal Claims, absent exceptions that do not apply in this case.[2] *E.g.*, *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [Court of Claims]."); *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) ("[The Court of Federal Claims] does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees."); *Cycenas v. United States*, 120 Fed. Cl. 485, 497 (2015) ("[W]hen a complaint filed in [the Court of Federal Claims] names private parties, this court is without jurisdiction to hear those allegations not against the United States."). Therefore, this Court will only evaluate Mr. Jackson's claims as they relate to the United States.

    **B.     This Court Lacks Jurisdiction Over Plaintiff's Wire Fraud Claim**

Mr. Jackson claims that around July 4, 2018, the Government began "surcharging U.S. citizens about or around 5 dollars for citizens to electronically send [him] money into the account(s) of the Trust that defendant(s) opened by using [his] corporate / fiction private property" and that Defendant is "putting 10% of the money into [his] fiction savings account for defendant(s) profit and financial gain" in violation of 18 U.S.C. § 1343. Compl. at 4. The account in question appears to be Mr. Jackson's Virginia Department of Corrections "Offender Trust." Pl.'s Mot. for Summ. J. Ex. 2. The fee appears to be charged by JPay, Inc. Compl. at 8–9.

Mr. Jackson does not allege any facts indicating that the Government has a role in the administration of his Virginia Department of Corrections account. However, even if it does, 18 U.S.C. § 1343 is a federal criminal statute, and this Court does not have jurisdiction over claims based on federal criminal law. *See* 18 U.S.C. § 1343; *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The [Court of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."); *Holder v. United States*, No. 17-282C, 2017 WL 1080044, at *3 (Fed. Cl. Mar. 22, 2017) (dismissing a wire fraud claim against federal officials). Therefore, Plaintiff's wire fraud claim must be dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).

---

[2] The only exceptions—inapplicable here—are that certain parties may be joined in an existing case pursuant to RCFC 19 and 20 or may intervene in an existing case pursuant to RCFC 24. *See* R. Ct. Fed. Cl. 19, 20, 24.

### C. This Court Lacks Jurisdiction Over Plaintiff's Due Process and State Law Claims

Mr. Jackson has been incarcerated since 1998. Def.'s Mot. at 9. He alleges a violation of his Fourteenth Amendment rights because, "on June 30, 2021, [he] was denied parole upon an invalid contract in violation [of] Virginia Code § 53.1-165.1." Compl. at 3. He further claims that it "is unconstitutional for the parole board to have made a decision to keep [his] property in prison[] for a[n] invalid contract govern[ed] by VA Code § 53.1-165.1." *Id*.

This Court does not have jurisdiction over claims arising under the Due Process Clause because the Fourteenth Amendment "do[es] not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). This Court also does not have jurisdiction over state criminal laws. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are . . . outside the scope of the limited jurisdiction of the Court of Federal Claims."). Therefore, Mr. Jackson's Fourteenth Amendment claim and Virginia state law claim must be dismissed under RCFC 12(b)(1) for lack of subject matter jurisdiction.

### D. This Court Lacks Jurisdiction Over Mr. Jackson's Contract Claim

The Tucker Act grants the Court of Federal Claims jurisdiction over any express or implied-in-fact contract with the United States. 28 U.S.C. § 1491(a)(1). However, none of Mr. Jackson's assertions demonstrate any of the required elements of an express contract including a "mutual intent to contract" on the part of the government or "an offer, an acceptance, and consideration." *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). Mr. Jackson also fails to allege any of the "four requirements of an implied-in-fact contract: (1) mutuality of intent to contract; (2) consideration; (3) lack of ambiguity in offer and acceptance; and (4) actual authority in the government representative to bind the government." *Barrett Refin. Corp. v. United States*, 242 F.3d 1055, 1060 (Fed. Cir. 2001) (citing *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir 1998)). And "to the extent [a plaintiff] alleges that his contract with the United States was implied-in-law, the Supreme Court has 'repeatedly held that Tucker Act jurisdiction extends only to contracts either express or implied in fact, and not to claims on contracts implied in law.'" *Ibrahim v. United States*, 799 F. App'x 865, 868 (Fed. Cir. 2020) (quoting *Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996) (collecting cases)). Furthermore, in his reply brief, Mr. Jackson denies the existence of a contract altogether: "I did not state at one time that I had a contract with the Government." Pl.'s Rep. at 13, ECF 11. Despite this denial, Mr. Jackson still maintains that his claim is governed by the CDA. *Id.*

Even if Mr. Jackson established the required elements of a contract with the United States, the Court lacks subject matter jurisdiction over Mr. Jackson's CDA claim. In the context of the CDA, "[j]urisdiction requires both that a claim meeting certain requirements have been submitted to the relevant contracting officer and that the contracting officer have issued a final decision on that claim." *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1005 (Fed. Cir. 2015) (citing *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1541–42 (Fed.Cir.1996)); *see also* 41 U.S.C. § 7104(b)(1) (describing a contractor's right to appeal a decision made by a contracting officer to the U.S. Court of Federal Claims). Mr. Jackson does not allege that he submitted a claim to a contracting officer or that any such officer issued a final

decision. Therefore, this Court lacks subject matter jurisdiction over Mr. Jackson's contract claim.

Additionally, Plaintiff's contract claim is frivolous. The use of Mr. Jackson's capitalized name on government-issued documents does not create an express or implied-in-fact contract. *See generally Gravatt v. United States*, 100 Fed. Cl. 279, 288 (2011) (dismissing plaintiff's claim that his birth certificate and social security card are contracts with the United States and were used to establish a trust in his name as frivolous pursuant to 28 U.S.C. § 1915(e)(2)); *Double Lion Uchet Express Tr. v. United States*, 153 Fed. Cl. 392, 397 (2021) (dismissing plaintiffs' breach of contract and tax refund claims as frivolous and insufficient to establish jurisdiction in the Court of Federal Claims).

While a "non-frivolous allegation that a contract exists between a plaintiff and the United States is sufficient to invoke the subject matter jurisdiction of the [Court of Federal Claims]," a contract claim may be dismissed when it is "wholly insubstantial and frivolous." *Ibrahim*, 799 F. App'x at 867 (citing *Lewis v. United States*, 70 F.3d 597, 602 (Fed. Cir. 1995) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946))). Mr. Jackson refers to his sentencing order as an offer of contract—which he purports to have rejected. Compl. at 2–3. He further alleges that he informed the Director of the Virginia Department of Corrections that he would owe Mr. Jackson damages for the use of his name without paying a fee. *Id.* at 7. Also, Mr. Jackson seems to interpret government-issued documents that state his name in capital letters as express contracts governed by the terms set forth in his "Truth Affidavit." *Id.* at 3, 6, 9.

There is no cognizable contract claim. A sentencing order is not an offer of contract, and even if it were, an offer of contract alone cannot form the basis of a claim. *See Trauma Serv. Grp.*, 104 F.3d at 1325. Similarly, Mr. Jackson's allegation regarding the Department of Corrections Director demonstrates, at best, that he unilaterally imposed a term, which would not be a contract. And government-issued documents which use capitalized names, such as social security cards or birth certificates, do not impose contractual rights. *Rivera v. United States*, 105 Fed. Cl. 644, 649 (2012) ("Because 'neither birth certificates nor social security numbers recognize or impose contractual rights, obligations, or duties,' this court previously has held that such an allegation is 'frivolous' and does not confer jurisdiction on this court.") (quoting *Gravatt*, 100 Fed. Cl. at 286). The use of Mr. Jackson's capitalized name on government-issued documents such as his sentencing order does not establish a contract between Mr. Jackson and the government. Accordingly, this Court lacks subject matter jurisdiction to consider Mr. Jackson's contract claim.

### E. Plaintiff's Copyright Allegation Fails to State a Claim Upon Which Relief Can Be Granted and Is Barred by Issue Preclusion

The heart of Mr. Jackson's Complaint alleges that Defendant "should not have used [his] Fiction DEANDRE LOVERTURE JACKSON, or any derivatives thereof on any documents paper nor electronically." Compl. at 3. Mr. Jackson provided a Certificate of Registration from the United States Copyright Office for an unpublished collection, titled "WHO HAS LEGAL AUTHORITY OF DEANDRE L. JACKSON," with his Motion for Summary Judgment. Pl.'s Mot. for Summ. J. Ex. 1. While this Court has jurisdiction over copyright suits pursuant to 28 U.S.C. § 1498(b), a plaintiff alleging copyright infringement must establish "(1) ownership of a

valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Although Mr. Jackson appears to have submitted a copyright certificate for his "unpublished collection," regulations establish that names are not subject to copyright protection. Pl.'s Mot. for Summ. J. Ex. 1 (Copyright Certificate of Registration); 37 C.F.R. § 202.1; *see also Miles v. United States*, No. 14-416C, 2014 WL 5020574, at *3–4 nn.6–7 (Fed. Cl. Oct. 6, 2014) (explaining that 37 C.F.R. § 202.1 precludes copyright protection of individuals' names and noting that the Court of Federal Claims has dismissed other "insubstantial" copyright claims under RCFC 12(b)(6)). Because Mr. Jackson has only pointed to the use of his capitalized name as a violation of his copyright and he has not alleged infringement of any original elements of his "unpublished collection," he has failed to state a claim upon which relief can be granted.

Mr. Jackson also seems to allege that his copyright is somehow related to maritime law, extends to his "Power of Attorney," and that the Social Security Administration violated this copyright by creating a "Trust" named DEANDRE L. JACKSON. Compl. at 10–11. While courts must liberally construe *pro se* pleadings, "there is no duty on the part of the trial court to create a claim which plaintiff has not spelled out in his or her pleading." *El v. United States*, 144 Fed. Cl. 741, 748 (2019) (quoting *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011)). Here, Plaintiff's claims are unclear, unsubstantiated, and fall outside the scope of copyright infringement.

Furthermore, the use of Mr. Jackson's name as a copyright has already been litigated in a previous lawsuit, and therefore the issue is precluded from re-litigation here. Issue preclusion is appropriate when:

> (1) The issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action.

*In re Freeman,* 30 F.3d 1459, 1465 (Fed. Cir. 1994). In 2019, Mr. Jackson sued JPay, Inc. and the United States in the U.S. District Court for the Southern District of Florida alleging copyright infringement of his "Power of Attorney" and his "Truth Affidavit in the nature of supplemental rules for administrative and maritime claims rules (c)(6) with Specific Negative Averment and Denial [of] Corporations Existence Federal Rule of civil Procedure 9(a)." Def.'s Ex. at G1, Docket No. 9-1. Mr. Jackson's allegation that his copyright is violated when his name is used on documents was litigated in his 2019 lawsuit, and is the same issue here. *See Jackson v. JPay, Inc.*, No. 19-20341, 2020 WL 5264514 (S.D. Fla. July 27, 2020), *aff'd*, 851 F. App'x, 171, 173 (11th Cir. 2021); Def.'s Ex. at G31–38. Therefore, this copyright issue is precluded from re-litigation now.

### IV.    Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**, and the case is **DISMISSED**. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED** for the limited purpose of granting Defendant's Motion to Dismiss. Plaintiff's Motion for

Summary Judgment, Motion to Strike, and Motion to Amend are **DENIED** as moot. Defendant's Motion to Strike is also **DENIED** as moot.

    **IT IS SO ORDERED.**

                                     <u>s/ Carolyn N. Lerner</u>
                                       CAROLYN N. LERNER
                                       Judge